**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCISCO VENTURA, et al., | Case No. 1:26-cv-00821 JLT SAB |
| Plaintiffs, | ORDER GRANTING MOTIONS TO DISMISS IN PART |
| v. | (Docs. 5, 13) |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

As explained in this order, the pending motions to dismiss (Docs. 5, 13) are **GRANTED IN PART**, with limited leave to amend.

**BACKGROUND**

The plaintiffs allege that several officers of the California Highway Patrol used excessive force and otherwise violated their constitutional and statutory rights during a traffic stop on December 11, 2022.  (*See* Docs. 1-2 at 5–7; 1-8 at 6–8.)  They filed a complaint against the state highway patrol and an individual officer in state court on the evening of December 11, 2024, the last day before the statute of limitations would expire.  (*See* Doc. 1-3 at 10–11.)  The state court initially rejected their filing, citing a variety of relatively minor technical errors and missing entries in the form complaint, summons, and attached applications for fee waivers.  (*See id.* at 10–13.)  The plaintiffs quickly corrected these errors, and the court formally accepted the filing a few days later, on December 19, 2024.  (*See id.* at 13–14.)

The same day, the plaintiffs requested an order "deeming their complaint filed *nunc pro tunc* as of December 11, 2024, the date it was initially submitted for electronic filing." (*Id.* at 1.) They cited California Rule of Court 8.77(d) and argued that without the order they requested, their claims would be barred by the statute of limitations. (*See id.* at 3.) The state court denied the request without prejudice. (Doc. 1-4.) After they requested clarification, the state court explained that Rule 8.77(d) was "inapplicable," but it reconsidered its decision and granted the request under a provision of the Government Code. (*See* Docs. 1-5 to 1-7.) The court deemed the complaint filed as of December 11, 2024. (*See* Docs. 1-2, 1-7)

The state removed the case to this court in January 2026. (Doc. 1.) Both the individual officer and the state now move to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and both motions are fully briefed. (*See* Docs. 5, 7, 10, 11, 13, 15, 16.) The court took the motions under submission without hearing oral arguments.

## DISCUSSION

The defendants first argue that the state court was wrong to grant the plaintiffs' request to mark their complaint as filed on the day they originally submitted it. (*See, e.g.*, Doc. 13 at 6–11.) The state court's orders remain "in full force and effect" in federal court after removal. 28 U.S.C. § 1450. A federal court simply "takes the case up where the State court left it off." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 435 (1974) (quoting *Duncan v. Gegan*, 101 U.S. 810, 812 (1880)). "More importantly, once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal." *Id.* at 437. Under federal law, as long as a district court has jurisdiction over a case, it has inherent authority to revisit any "interlocutory" or nonfinal decisions. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). It may reconsider such an order for any reason that is "consonant with equity." *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 313 (2025) (quoting *John Simmons Co. v. Grier Brothers Co.*, 258 U.S. 82, 90–91 (1922)). But in practice, district courts do not revisit nonfinal orders unless it is necessary to assess newly discovered evidence, to take account of an intervening change in the

2

law, or to correct a "clear error." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

The defendants argue the state court committed a legal error. (*See* Doc. 13 at 8.) In their view, the court did not have authority to retroactively mark the complaint as filed on the date it was originally received under the statute it cited. (*See id.*) If this was an error, it was certainly not a "clear" one. The defendants have not cited any case or law that bars a trial court from deciding in retrospect that a missing entry was not such a serious problem that it justified a wholesale rejection of the entire filing under Rule 8.77(a)(2) of the state's Rules of Court or any relevant local rules. The state court had identified these problems itself, acting on its own initiative. If it had done nothing, or if it had permitted the plaintiffs to correct the problems some other way (perhaps by amendment, errata, or similar means), then the case would have been filed on the same date. The defendants certainly have not demonstrated that the court's decision caused them any unfair harm or prejudice. In short, this Court declines to reconsider the state court's order.

The state next contends that the plaintiffs cannot pursue a claim against it under 42 U.S.C. § 1983 because it is not a "person" under the terms of that law. The Court agrees. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

Finally, both defendants argue the plaintiffs cannot pursue any claims against them under the state's Unruh Civil Rights Act. The "focus" of the Unruh Act is on "private business establishments." *Brennon B. v. Superior Court*, 13 Cal. 5th 662, 675 (2022) (emphasis omitted). And so, "in order to be a business establishment under the [Unruh] Act," a defendant "must operate as a business or commercial enterprise when it discriminates." *Id.* at 679. Commercial enterprises are generally those that pursue or enhance "economic value," "perform customary business functions," and receive "financial benefits from regular business transactions." *Id.* at 681 (citations and quotation marks omitted). None of the plaintiffs' allegations suggest that the state highway patrol or the individual officer defendant have any of these attributes.

**CONCLUSION**

For these reasons, the motions to dismiss (Docs. 5, 13) are **GRANTED** in part:

- The state's motion to dismiss the claim against it under 42 U.S.C. § 1983 is granted without leave to amend, due to futility.
- The motion to dismiss the claim under Unruh Act is granted with leave to amend, if an amendment is possible within the limits of Federal Rule of Civil Procedure 11.  Any amended complaint must be filed within thirty days.
- The motion is otherwise denied.

IT IS SO ORDERED.

Dated:   **June 12, 2026**

_____
UNITED STATES DISTRICT JUDGE